IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ROY L. NELSON, III, BAR NO. 7842

No. 84369

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that Roy L. Nelson, III be suspended for six months after he failed to comply with the terms of a Diversion Program Consent Contract.[1] Nelson agreed to enter a diversion program as an alternative to discipline after it was alleged that he violated RPC 1.3 (diligence), RPC 3.4(c) (fairness to opposing party and counsel) and RPC 8.4(d) (misconduct).

"As an alternative to or in conjunction with disciplinary sanctions, an attorney . . . may participate in an approved diversion and/or mentoring program, designed to assist with or improve management or behavior problems that resulted in, or are expected to result in, minor misconduct." SCR 105.5(1). "The terms shall be stated in a written diversion contract or mentoring agreement." SCR 105.5(2). When bar counsel concludes that an attorney has failed to comply with the attorney's diversion contract and the attorney has failed to provide a timely justification for the failure, bar counsel shall refer the matter to a hearing

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22·25242

panel. SCR 105.5(6). "In proceedings brought under [SCR 105.5], bar counsel shall have the burden by a preponderance of the evidence to establish any breach of the contract or agreement, and an attorney shall have the burden by a preponderance of the evidence to establish justification for any such breach." SCR 105.5(6)(a). "If a hearing panel finds a breach to be material and without justification . . . [and i]f the contract or agreement was effectuated as an alternative to disciplinary sanctions, the panel shall terminate the contract or agreement and impose the applicable alternative sanctions." SCR 105.5(6)(b).

Nelson acknowledged at the hearing that he had breached terms of the Diversion Program Consent Contract that he entered into with the State Bar before beginning a diversion program. The record supports the hearing panel's finding that the breach was material and that Nelson failed to meet his burden of establishing a justification for the breach.[2] Because Nelson breached the Diversion Contract and had already agreed to the alternative discipline of a six-month suspension, SCR 105.5(6)(b) requires that the panel terminate the contract and impose the agreed-upon discipline.

Accordingly, we agree with the panel's recommendation to terminate the Diversion Contract and impose the alternative discipline to which Nelson agreed. Thus, the Diversion Contract is terminated and we hereby suspend attorney Roy L. Nelson, III from the practice of law for six months commencing from the date of this order. Nelson shall pay the costs

---

[2]While Nelson pointed to events and alternative treatment as justification for his breach, despite the State Bar's requests for documentary evidence supporting those events and alternative treatment, Nelson failed to provide that evidence.

of the disciplinary proceedings, including $2,500 mandated by SCR 120(3), within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
The Grigsby Law Group
Brown Brown & Premsrirut
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court